IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MOHAMEDOU SID ELEMINE,
*Petitioner*,

v.

TODD LYONS, *et al.*,
                    *Respondents*.

1:26-cv-963-MSN-WBP

## ORDER

Mohamedou Sid Elemine ("Petitioner") has filed a three-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioner alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act ("INA") (Count I), its regulations (Count II), and his due process rights (Count III).

Petitioner is currently detained at the Farmville Detention Center in Farmville, Virginia. He has sued Todd Lyons, the acting director of ICE; Joseph Simon, the Washington Field Office Director of ICE Enforcement and Removal Operations ("ERO"); and the Attorney General (collectively, "Federal Respondents"). He has also sued Jeffrey Crawford, the warden of the Farmville Detention Center.

In response to the Court's Order of April 10, 2026 (ECF 2), Federal Respondents have confirmed that the legal issues presented in the Petition do not differ in any material fashion from those presented in *Servellon Martinez v. Lyons*, 1:25-cv-1792 (E.D. Va. Nov. 7, 2025). ECF 4. However, they also state that Petitioner was taken into civil immigration custody because he

violated the conditions of his release on recognizance pursuant to the "Alternative to Detention" ("ATD") program. *Id*. Accordingly, the Court incorporates the filings from *Servellon Martinez* into this case and for the reasons that follow, the Court will grant the Petition as to Count III.[1]

## I.    BACKGROUND

Petitioner is a citizen of Mauritania. ECF 4-1 ¶ 43. Petitioner entered the United Sates in 2023 and was briefly detained by ICE at the border but was released on an order of recognizance and has since resided here since that time. *Id*. On February 18, 2026, he was arrested by ICE at a check-in and he has since been detained at the Farmville Detention Center. *Id*. Federal Respondents aver that Petitioner was arrested because he violated the terms of his release on ATD on numerous occasions, to which Petitioner claims a variety of alternative explanations. ECF 4; ECF 7-1. An Immigration Judge denied Petitioner's applications for relief and ordered him removed on April 1, 2026, and Petitioner has timely appealed that decision. ECF 1 ¶ 45; ECF 7-2.

## II.    ANALYSIS

The Petition initially framed Petitioner's detention as a matter of whether he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). The Petition asserted that Petitioner was being improperly refused a bond redetermination hearing on the basis of the BIA's decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).[2] ECF 1 ¶ 47. Federal Respondents state that *Servellon Martinez* is legally analogous but that the Petition should still be denied because Petitioner's ATD violations provide a "valid basis for continued detention." This Court agrees with the former proposition, but the latter is a matter for the Immigration Judge to decide. That is

---

[1]    Because the Court grants the Petition as to Count II, it need not address Petitioner's other claims.

[2]    The Petition does not specify whether Petitioner has sought to appeal his redetention to an IJ. However, Federal Respondents have waived any argument that Petitioner failed to exhaust his claims.

because the bond regulations entitle Petitioner to appeal the revocation of his release and his redetention to an immigration judge and if requested, to the BIA.[3] *Zapata Villanueva v. Blanche*, ECF 5, No. 1:26-cv-1039-MSN-WBP (April 30, 2026) (citing *Garcia v. Jamison*, 2026 WL 1122608, at *6 (E.D. Pa. April 24, 2026) (citing 8 C.F.R. § 1003.19(a)) (recognizing right of petitioner previously released on IJ bond but redetained because he violated domestic protective order to appeal to IJ)).

Federal Respondents otherwise rest on their usual position that Petitioner is an "applicant for admission" who is "seeking admission" such that he is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2). In *Servellon Martinez*, Federal Respondents "recognize[d] that this Court and other jurists of this Court recently rejected Federal Respondents' arguments" to the contrary. ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025); *see also, e.g.*, *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). Nevertheless, they raised these same arguments "to preserve them for appeal." ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025).

At bottom, Federal Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. *Id.* at 5–14. They therefore argue that because Petitioner is present in

---

[3]      The Court recognizes that Federal Respondents cite this Court's decision in *Reyes v. Wright*, ECF 9, No. 1:26-cv-474-MSN-WBP for the proposition that ATD violations are a valid basis for redetention without further appeal to an IJ. ECF 4 at 3. However, *Reyes* is not binding on the Court, and the Court considers *Zapata Villanueva* and *Garcia* to provide the better approach in light of the INA's implementing regulations object of "ensur[ing] that the Government's decision to revoke a noncitizen's [release] is not arbitrary or capricious." *Garcia*, 2026 WL 1122608, at *6. Moreover, the Court later granted a subsequent petition from the petitioner in *Reyes* because ICE impermissibly imposed ATD as a condition beyond those required by the IJ's bond order. ECF 6, No. 1:26-cv-748-MSN-WEF (E.D. Va. April 3, 2026).

3

the United States but has not been legally "admitted," he should be considered an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). *Id.*

Federal Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[4] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8–9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that reasoning into this Order. *See also, e.g.*, *Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

Because Petitioner has been present in the United States for three years, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), his detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing

---

[4]     *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

before an IJ in which the IJ must determine whether he poses a danger to the community or a risk of flight. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless the IJ makes such a determination, Petitioner's continued detention is unlawful and, for many of the reasons stated in *Quispe-Ardiles*, 2025 WL 2783800, at *8–10, violates his right to due process.

### III.    CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that that Federal Respondents provide Petitioner with a standard bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a) within ten (10) days of the date of the entry of this Order; and it is further

ORDERED that Federal Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that Federal Respondents file a status report with this Court within 3 days of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond is denied, the reasons for that denial.

### IT IS SO ORDERED.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
_____
Michael S. Nachmanoff
United States District Judge

May 12, 2026
Alexandria, Virginia